UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC. | CIVIL ACTION |
| VERSUS | NO: 18-988 |
| LIQUOR US UP L.L.C., ET AL. | SECTION: "J"(5) |

## ORDER AND REASONS

Before the Court is a *Motion for Partial Judgment on the Pleadings* **(Rec. Doc. 18)** filed by Defendants, Emile Colona and Shirley Little, and an opposition thereto (Rec. Doc. 19) filed by Plaintiff, J&J Sports Productions, Inc. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This litigation arises from the May 2, 2015 reception and display at Castaways Lounge in Hammond, Louisiana of the televised fight between Floyd Mayweather and Manny Pacquiao. J&J Sports Production, Inc. ("Plaintiff") is a California corporation and distributor of closed circuit pay-per view[1] boxing and special events in the United States. After allegedly hiring a private investigator to capture video footage of the events that transpired at Castaways Lounge on the date in question, Plaintiff filed the instant suit against Liquor Us Up, L.L.C. d/b/a Castaways Lounge,

---

[1] "Pay-per view means that in order for a customer to view the closed circuit event, it/he/she must pay a fee to J&J, which is/was set by J&J." (Rec. Doc. 1 at 5).

1

Emile Colona, and Shirley Little (collectively "Defendants"). Plaintiff's Complaint indicates that Liquor Us Up, L.L.C. ("the LLC") is a Louisiana limited liability company doing business as Castaways Lounge. Colona and Little—both Louisiana domiciliaries—are the LLC's sole members.

Plaintiff alleges that Defendants committed certain acts and omissions that violated Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program at issue. Specifically, Plaintiff alleges that Defendants' actions were in violation of Title 47 U.S.C. Section 605, Title 18 U.S.C. sections 2511 and 2250, and Title 47 U.S.C. Section 553(a)(1), (c)(1), (2), (B), (C), 3(A), (B)). Colona and Little filed the instant motion for partial judgment on the pleadings (Rec. Doc. 18), which Plaintiff opposes (Rec. Doc. 19).

## PARTIES' ARGUMENTS

1. **Movant's Argument**

Colona and Little argue that this Court should grant judgment on the pleadings in their favor and dismiss them from the instant lawsuit with prejudice because Plaintiff's pleadings fail to state a cause of action against them in their individual capacity sufficient to pierce the corporate veil in Louisiana. (Rec. Doc. 18).

Colona and Little first aver that Terry Couch, the manager of Castaways Lounge, ordered the pay-per view fight at issue through the Charter Communications cable box located in the bar room. (Rec. Doc. 18-1 at 1). Colona and Little allege that Terry Couch believed that ordering the fight on the cable box that was installed in the business was "sufficient and proper." (Rec. Doc. 18-1 at 1). Colona and Little note

2

that although the private detective who Plaintiff dispatched to Castaways Lounge recorded the activities that occurred at the bar on the evening in question, the video does not show Colona and Little—the LLC members—anywhere on the premises. (Rec. Doc. 18-1 at 1, 2).

Colona and Little go on to argue that under the Louisiana Supreme Court's decision in *Ogea v. Travis Merritt & Merritt Construction, LLC*, 130 So.3d 888 (La. 2013), the general rule in Louisiana is that "no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company UNLESS fraud, breach of professional duty, or other negligent or wrongful act was committed by the member." (Rec. Doc. 18-1 at 3). Colona and Little assert that Plaintiff cannot maintain an action against them as members of the LLC because Plaintiff has not shown that Colona and Little committed fraud, a breach of professional duty, or some other negligent or wrongful act in accordance with Louisiana Revised Statute 12:1320(D). (Rec. Doc. 18-1 at 5). Specifically, Colona and Little aver that (1) Plaintiff's pleadings contain no allegation of fraud, (2) the professional liability exception is not applicable, and (3) Colona and Little did not commit a negligent or wrongful act because they were not present at Castaways Lounge on the evening of the fight program. (Rec. Doc. 18-1 at 5 to 7). Thus, Colona and Little conclude that they should be dismissed from the present action with prejudice and at Plaintiff's cost. (Rec. Doc. 18-1 at 7).

## 2. Plaintiff's Opposition

Plaintiff argues that Colona and Little's motion should be denied. (Rec. Doc. 19). First, Plaintiff asserts that the LLC, Colona, and Little committed the intentional tort of conversion. (Rec. Doc. 19-1 at 2). Plaintiff notes that there was no contractual or other obligation between Plaintiff and Defendants, Colona and Little acted on behalf of the LLC, and Colona and Little knew that Plaintiff's fight program was going to be shown at Castaways Lounge on May 2, 2015. (Rec. Doc. 19-1 at 2, 3). Plaintiff points to the allegations in its Complaint that Colona and Little "planned in advance to show the [televised fight program] on the defendant limited liability company's premises and they were prepared to obtain as much income as possible from alcohol served to their customers." (Rec. Doc. 19-1 at 3). Moreover, Plaintiff alleges that Colona and Little "actively desired to obtain [Plaintiff's] [televised fight program] without having to pay [Plaintiff's] license fee." (Rec. Doc. 19-1 at 4).

Next, Plaintiff argues that the televised fight program was used to attract customers to Castaways Lounge to drink alcoholic beverages and patronize Colona and Little's business. (Rec. Doc. 19-1 at 4). Plaintiff emphasizes that as members of the LLC, Colona and Little had the same "economic motives" as the LLC; namely, to create an atmosphere that enticed customers to visit the business and spend money. (Rec. Doc. 19-1 at 4, 5). In support of this contention, Plaintiff points to the allegation in its Complaint that "Defendants advertised that they would show [Plaintiff's] [televised fight program] and they were in the business to sell alcohol to the public." (Rec. Doc. 19-1 at 5, n. 19).

Plaintiff also asserts that Colona and Little had the right and ability to supervise Castaways Lounge on the night of Plaintiff's televised fight program. (Rec. Doc. 19-1 at 5). Plaintiff contends that, as members of the LLC, Colona and Little had the authority to prohibit anyone from unlawfully showing the program at Castaways Lounge, and they incurred personal liability for their failure to do so. (Rec. Doc. 19-1 at 5).

Plaintiff next argues that whether Colona and Little had actual or constructive knowledge that the fight program was being shown at Castaways Lounge is irrelevant to the issue of liability because "[t]he act to broadcast [Plaintiff's] [televised fight program] by the defendants did not just happen spontaneously." (Rec. Doc. 19-1 at 6).

Finally, Plaintiff argues that it is a "person aggrieved" under 47 U.S.C.A. Section 553(c) because it owned all rights to the televised fight program, its promotion of the program was expensive, and it was deprived of its lawful financial gain by Defendants' actions. (Rec. Doc. 19-1 at 6). Based on the foregoing, Plaintiff urges the Court to deny the motion for partial judgment on the pleadings. (Rec. Doc. 19-1 at 6).

## **LEGAL STANDARD**

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by

5

looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

Courts evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## **DISCUSSION**

The central issue before the Court is whether the pleadings demonstrate that Plaintiff can maintain an action against Colona and Little in their individual capacity for the violations of federal law alleged in Plaintiff's Complaint. At the outset, the

Court must resolve whether to apply federal common law or Louisiana law governing veil-piercing. The Supreme Court has noted "significant disagreement among courts and commentators over whether, [in the case of another federal statute], courts should borrow state law, or instead apply a federal common law of veil piercing." *United States v. Bestfoods*, 524 U.S. 51, 64 n.9 (1998). Moreover, "[t]he Fifth Circuit has repeatedly declined to address whether, as a matter of federal common law, courts in this Circuit should apply federal or state law when adjudicating a veil piercing claim." *In re TK Boat Rentals, LLC*, No. CV 17-1545, 2018 WL 1604905, at *3 (E.D. La. Apr. 3, 2018) (citing *United States v. Jon–T Chems., Inc.*, 768 F.2d 686, 690 n. 6 (5th Cir. 1985); *Century Hotels v. United States*, 952 F.2d 107, 110 n. 4 (5th Cir. 1992); In re Sims, 994 F.2d 210, 218 n. 11 (5th Cir. 1993)). Accordingly, this Court applies Louisiana law governing veil-piercing.

Louisiana Revised Statute 12:1320 exclusively governs the liability of members, managers, employees, and agents of limited liability companies to third parties. La. R.S. 12:1320(A). It sets forth the general rule that "no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company," except as otherwise provided under the statute. La. R.S. 12:1320(B). Thus, "[a] member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, *except* when the object is to enforce such a person's rights against or liability to the limited liability company." La. R.S. 12:1320(C) (emphasis added). However, "a member's protection against personal liability is not unlimited."

7

*Ogea v. Merritt*, 2013-1085 (La. 12/10/13), 130 So. 3d 888, 897. Specifically, the statute sets forth three exceptions to the general rule of limited liability for limited liability company members like Colona and Little: fraud, breach of professional duty, or other negligent or wrongful act. *See* La. R.S. 12:1320(D).

For purposes of the instant motion, the parties do not appear to contest that Plaintiff has a right against the LLC for the unauthorized display of the televised fight program. Accordingly, the Court must resolve only whether an exception to the general rule of limited liability permits Plaintiff to proceed against both the LLC and its members.[2]

Colona and Little first argue that the exception for fraud is not applicable because Plaintiff's pleadings contain no allegation of fraud. In Louisiana, fraud is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other."[3] La. C.C. art. 1953. Given Plaintiff's allegation—which this Court must accept as true—that Colona and Little's unlawful and willful interception and broadcast of the program at Castaways Lounge "resulted in a commercial advantage and private financial gain to Colona and Little,"[4] it appears that Plaintiff has sufficiently pled that Colona and Little acted with the intent to obtain an unjust advantage. Regarding whether Plaintiff has shown that Colona and Little engaged in

---

[2] Colona and Little assert that the exception for breach of professional duty is not applicable, and Plaintiff does not challenge this assertion. Given that the pleadings contain no allegation that Colona and Little fit the definition of a "professional" under La. R.S. 12:1320(D), the Court declines to analyze this exception.
[3] "Fraud may also result from silence or inaction." La. C.C. art. 1953.
[4] *See* Rec. Doc. 1 at 10.

8

a misrepresentation or suppression of the truth in order to obtain this unjust advantage, Plaintiff's Complaint alleges the number of ways that the LLC, Colona, and Little may have obtained access to the program without paying Plaintiff, including setting up a residential account in the business location, using a "blackbox" or "smartcard" or other means, using an illegal cable drop or splice, using other illegal "unencryption" devices, streaming through the internet, or setting up a "commercial account" but misrepresenting the nature of the business. (Rec. Doc. 1 at 7-9). Although Colona and Little assert that the program was accessed by ordering it through the cable box located in the business, this does not eliminate the possibility that some method of misrepresentation or suppression of the truth was employed in gaining access to the program as Plaintiff's Complaint alleges. Thus, Plaintiff has alleged sufficient facts for the Court to conclude at this stage of the litigation that Plaintiff has stated a claim for fraud, which entitles Plaintiff to pierce the LLC's veil and proceed against Colona and Little in their individual capacity.

Colona and Little also argue that the requirements for veil-piercing under the exception for negligent or wrongful acts is not satisfied. This Court disagrees. In *Ogea v. Merritt*, the Louisiana Supreme Court analyzed this exception and concluded that "the terms 'negligent' act and 'wrongful act' as employed in La. R.S. 12:1320(D) are not limited to 'torts'. . . ." 2013-1085 (La. 12/10/13), 130 So. 3d 888, 900. The *Ogea* court went on to state:

> Therefore, to accord the terms "negligent" act and "wrongful act" their commonly understood meaning while also respecting the general

9

limitation of liability, we find the following four factors assist our inquiry: 1) whether a member's conduct could be fairly characterized as a traditionally recognized tort; 2) whether a member's conduct could be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable; 3) whether the conduct at issue was required by, or was in furtherance of, a contract between the claimant and the LLC; and 4) whether the conduct at issue was done outside the member's capacity as a member.

*Id.* at 900–01. A court must consider each of the above factors on a case-by-case basis when determining whether to strip a member of limited liability. *Id.* at 905. However, "[b]ecause 'negligent' act and 'wrongful act' are common features of tort law, the tort factor may be dispositive." *Id.*

Here, Colona and Little summarily conclude that "no member committed a tort, no member committed a crime, no member had a contract with the claimant, and no member took any action outside of their capacity as a member." (Rec. Doc. 18-1 at 7). Plaintiff fails to directly address the *Ogea* factors. Nevertheless, the Court concludes at this stage of litigation on the instant motion that the pleadings contain sufficient facts to show that the factors weigh in favor of stripping Colona and Little of their liability shield.

First, Colona and Little's conduct as described in the pleadings could be fairly characterized as the intentional tort of conversion. Under Louisiana law, conversion is defined as "an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time." *Prostar v. Massachi*, 239 F.3d 669, 674 (5th Cir. 2001) (internal citation omitted). Several district courts have

concluded that cable theft is analogous to conversion, "as the defendants in such cases unlawfully 'appropriate' the plaintiff's property (i.e., the cable transmission)." *Id.*; *see also Kingvision Pay Per View, Ltd. v. Wilson*, 83 F.Supp.2d 914, 919 (W.D. Tenn.2000); *Joe Hand Promotions, Inc. v. Lott*, 971 F.Supp. 1058, 1063 (E.D. La. 1997); *Kingvision Pay Per View, Ltd. v. Bowers*, 36 F.Supp. 2d 915, 918 (D. Kan. 1998).

In the instant action, Plaintiff's Complaint alleges that the LLC, Colona, and Little ordered Plaintiff's program to be shown at Castaways Lounge. (Rec. Doc. 1 at 7). Plaintiff goes on to assert that neither Defendants nor their employees paid Plaintiff for the use of the program to which Plaintiff had the "exclusive nationwide commercial distribution and broadcast (closed-circuit) rights." (Rec. Doc. 1 at 7, 10). Based on the foregoing, the first factor weighs in favor of exposing Colona and Little to personal liability.

In analyzing the second *Ogea* factor, the Court must determine whether Colona and Little's conduct violated a criminal statute intended to protect Plaintiff from the type of harm that occurred. *Id.* at 906. This Court finds that it does. Plaintiff's Complaint contains facts to support the allegation that the conduct at issue violated the Communications Act of 1934, as amended, Title 47 U.S.C. 605, et seq.; the Cable and Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. Section 553, et seq.; and Title 18 sections 2511 (1)(a) and (5) and 2520 (a). Accordingly, this factor also weighs in favor of finding that Colona and Little's conduct triggers the negligent or wrongful act exception.

The third factor requires the Court to assess whether Colona and Little's conduct was required by or in furtherance of a contract entered into between Plaintiff and the LLC. *Id.* The Court concludes that it was not. The pleadings contain no indication that there was any contractual relationship whatsoever between Plaintiff and the LLC.

Finally, it must be determined whether Colona and Little's conduct was done outside of their capacity as members of the LLC. *Id.* We find no evidence in the pleadings to suggest that Colona and Little were acting outside the structure of the LLC, particularly in light of Plaintiff's allegation that the actions undertaken were intended to benefit the LLC. As this is the only factor that weighs in favor of maintaining the general rule that Colona and Little are shielded from personal liability, the Court finds that the pleadings contain sufficient facts to show that Colona and Little's conduct also triggers the exception under Louisiana Revised Statute 12:1320(D) for negligent or wrongful acts.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Colona and Little's *Motion for Partial Judgment on the Pleadings* (Rec. Doc. 18) is **DENIED**.

New Orleans, Louisiana this 11th day of February, 2019.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE